UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                             :
NATALIA ARBOLEDA, as Natural Guardian    :
o/b/o her minor child, L.M.R.,                     :
                                            Plaintiff,     :     12 Civ. 03987 (LGS) (HBP)
                                                               :
                      -against-                            :
                                                               :     OPINION AND ORDER
CAROLYN W. COLVIN, as Commissioner    :
of Social Security,                                   :
                                            Defendant.[1]  :
                                                                :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Natalia Arboleda brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), on behalf of her minor daughter L.M.R. seeking judicial review of a decision of the Commissioner of Social Security (the "Commissioner") denying L.M.R.'s application for Supplementary Security Income ("SSI"). Before the Court is the Report and Recommendation of Magistrate Judge Pitman (the "Report"), recommending that Plaintiff's Motion for an Order to Remand be denied and that Defendant's Cross-Motion for Judgment on the Pleadings be granted. For the reasons discussed below, the Report is adopted in in its entirety. Accordingly, Plaintiff's motion is denied, and the Commissioner's cross-motion is granted.

**I.**    **BACKGROUND**

       The facts relevant to the motions are set out in the Report, and familiarity with them is assumed. The procedural posture of the case is briefly summarized here.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the caption has been corrected to reflect the name of the current Commissioner.

Plaintiff filed an application with the Social Security Administration ("SSA") for SSI benefits on August 6, 2010, asserting that L.M.R. was born on July 3, 2010, with three disabling conditions: (1) sleep apnea, (2) respiratory distress, and (3) a clavicle fracture.  On September 24, 2010, the SSA denied the application, and Plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ").  The ALJ determined that L.M.R. was not disabled, and this decision became the Commissioner's final decision on March 15, 2012, when the Appeals Council denied Plaintiff's request for review.   Relying on new evidence, Plaintiff applied again for SSI benefits on April 30, 2012.  The Commissioner approved the second application and awarded Plaintiff SSI benefits effective from the date of her second application, April 30, 2012, but declined to revisit his decision on the first application.

Plaintiff brought the present action on May 18, 2012, seeking SSI benefits for the period between her two applications.  On August 13, 2012, the case was referred to Magistrate Judge Henry Pitman.  Plaintiff and the Commissioner cross-moved for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

On March 28, 2014, Judge Pitman issued the Report.  The Report concluded that, in determining that L.M.R. was not disabled, the ALJ correctly applied the Act's prescribed three-step test for determining disability for claimants under the age of 18.  The Report further determined that L.M.R.'s medical record was properly developed, because the ALJ met his obligation to "compile a claimant's complete medical history, i.e., the records from a claimant's medical sources."  Accordingly, the Report recommended that Plaintiff's motion be denied and that the Commissioner's motion be granted.

On April 28, 2014, and with the Court's leave, Plaintiff filed her objections to the Report.  Plaintiff specifically objected to the following findings that formed the Report's basis

2

for denying remand under Sentence Four of the Act, which allows remand where the ALJ failed to properly develop the record: (1) that the lack of an updated opinion from Dr. Yu did not constitute an "obvious gap" in the record; (2) that the ALJ was not required to obtain oxygen level data from Plaintiff's home apnea monitor; and (3) that the ALJ was not required to obtain a medical opinion from Dr. Rastogi and Dr. Yu.  Plaintiff also specifically objected to the Report's conclusion that a Sentence Six remand based on new evidence was unwarranted because any new evidence was not "material."  On May 30, 2014, the Commissioner responded to Plaintiff's objections, arguing that they were without merit.

## II.     LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections . . . ."  *LaBarbera v. D. & R. Materials Inc.*, 588 F. Supp. 2d 342, 344 (E.D.N.Y. 2008) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006)).  When a party makes only conclusory or general objections, or simply

3

reiterates the original arguments made below, a court will review the report for clear error. *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citation omitted).

The court may set aside the final decision of the Commissioner only if it is not supported by substantial evidence or if it resulted from legal error. 42 U.S.C. 405(g); *Burgess v. Astrue*, 537 F.3d 117, 127-28 (2d Cir. 2008). The court reviews the Commissioner's decision for legal error first, then evaluates whether the decision was based on substantial evidence. *Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Talvera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). However, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009).

## III. DISCUSSION

Based on a de novo review of the administrative record, the Report, Plaintiff's objections, Defendant's response and applicable legal authorities, the Report is adopted in its entirety. The portions of the Report to which no objections have been made are adopted because those portions are not clearly erroneous. Any of Plaintiff's Objections not specifically addressed in this decision have been considered de novo and rejected.

In pro se cases, "the ALJ is under a heightened duty 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (quoting *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). Further, "[i]f an applicant is not represented by counsel, the duty of the [ALJ] is

particularly acute . . . especially if the claimant is an infant." *Colon v. Apfel*, 133 F. Supp. 2d 330, 343 (S.D.N.Y. 2001) (citations omitted); *see also Blash ex rel. D.A.S. v. Colvin*, No. 13 Civ. 4089, 2014 WL 1278151, at *3 (E.D.N.Y. Mar. 27, 2014) ("The heightened duty of the ALJ to develop the record of a *pro se* claimant is especially important if the claimant is a child."). Even though the Report failed to consider the heightened standard for pro se child claimants in evaluating the ALJ's decisions, the Report's conclusions are correct.

The Report correctly concluded that the record did not reveal any "obvious gaps" that required further investigation. First, the report was correct to conclude that data from the home apnea monitor would be "cumulative of the data in the record."

Second, Plaintiff's argument that the ALJ committed error by not seeking an updated opinion or records from Dr. Yu is without merit. The relevant regulations provided that "[w]hen the evidence we receive from your treating physician . . . or other medical source is inadequate for us to determine whether you are disabled . . . [w]e will first recontact your treating physician . . . or other medical source to determine whether the additional information we need is readily available." 20 C.F.R. § 416.912(e)(1) (2012); *see also Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996).[2] The record reveals that the ALJ did recontact Dr. Yu's office by telephone and fax. The ALJ committed no legal error by not recontacting Dr. Yu a second time.

Finally, the Report acknowledges what Plaintiff identifies as the final "obvious gap," and correctly dismisses it: the ALJ did not seek a formal report from Dr. Rastogi and instead relied only on her examination on August 2, 2010, a month after the child was born.  The Report

---

[2] The Commissioner amended these regulations in 2012 to change former paragraph (e) and remove the duty it imposed on ALJs to recontact a disability claimant's treating physician under certain circumstances. However, the earlier version of Section 416.912(e) quoted here was in effect when the ALJ adjudicated Plaintiff's claim and, therefore, applies here. *Lowry v. Astrue*, 474 F. App'x 801, 804 n. 2 (2d Cir. 2012).

relies on the decision in *Tankisi v. Commissioner of Social Services*, 521 F. App'x 29, 33-34 (2d Cir. 2013), to conclude that "[w]hile an ALJ should have taken reasonable steps to secure Dr. Rastogi's complete opinion, in this instance he was not required to . . . because there was other substantial evidence in the record . . . ."  Plaintiff's attempts to distinguish *Tankisi* are unavailing.  In that case, the ALJ had an "extensive" medical record and the opinion of another treating physician.  *Id.* at 33-34.  Therefore, remand was inappropriate "solely on the ground that the ALJ failed to request medical opinions in assessing residual functional capacity."  *Id.* at 34.  Remand here would be similarly inappropriate if based solely on the ground that the ALJ did not request a formal report from Dr. Rastogi, in light of the extensive record.  Accordingly, Plaintiff's motion for remand pursuant to Sentence Four of the Act is denied.

Plaintiff also argues for remand pursuant to Sentence Six of the Act.  Based on a de novo review, a Sentence Six remand is not warranted for the reasons articulated in the Report.

### IV.   CONCLUSION

For the foregoing reasons, the Report is ADOPTED in its entirety as the opinion of the Court.  Plaintiff's motion for judgment on the pleadings is DENIED.  The Commissioner's motion for judgment on the pleadings is GRANTED.  The Clerk is directed to close the motions open at Docket Nos. 17 and 24 and to close this case.

SO ORDERED.

Dated: November 6, 2014
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6